2014R00592/JTE/BAW/ms

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler |
| v. | : | Crim. No. 16- 313 |
| JUAN ESPINDOLA, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about June 30, 2016, defendant Juan Espindola pleaded guilty pursuant to a plea agreement with the United States to the above-referenced Information, which charged him with the acceptance of bribes, contrary to N.J.S.A. § 2C:21-10, in violation of 18 U.S.C. § 1952(a)(3);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense constituting specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7), including a violation of 18 U.S.C. § 1952(a)(3), or a conspiracy to commit such an offense, as alleged in the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment in the amount of $15,000, a sum of money representing the proceeds of the offense charged in the Information;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, defendant Juan Espindola:

(1) Consents to the forfeiture to the United States of $15,000 as a sum of money representing the proceeds of the offense charged in the Information, to which the defendant has pleaded guilty (the "Money Judgment");

(2) Consents to this imposition of a money judgment in the amount of $15,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Agrees promptly to pay the Money Judgment in full;

(5) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(7) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, as a result of the offense charged in the Information, to which the defendant Juan Espindola has pleaded guilty, the defendant shall forfeit to the United States the sum of $15,000. A money judgment in the amount of $15,000 (the "Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b).

IT IS FURTHER ORDERED that, the defendant having given his consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant Juan Espindola, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

IT IS FURTHER ORDERED that all payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the

United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

IT IS FURTHER ORDERED that, pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit all payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $15,000.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order and to amend it as necessary. See, e.g., Fed. R. Crim. P. 32.2(e).

ORDERED this 30th day of June, 2016.

_____
HONORABLE STANLEY R. CHESLER
United States District Judge

The undersigned hereby consent to the entry and form of this Order:

PAUL J. FISHMAN
United States Attorney

_____   Dated: 6/30/16
By: JACOB T. ELBERG
    JOSEPH N. MINISH
    DANIELLE A. WALSMAN
    BARBARA A. WARD
Assistant United States Attorneys

_____   Dated: 6/30/16
ROBERT STAHL, ESQ.
Attorney for Defendant Juan Espindola

_____   Dated: 6/30/16
JUAN ESPINDOLA, Defendant